UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22689-Civ-COOKE/GOODMAN

KAREN BERENGUELA-ALVARADO,

    Petitioner,

v.

ERIC CASTANOS,

    Respondent.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

THIS MATTER is before the Court on United States Magistrate Judge Jonathan Goodman's Report and Recommendations (ECF No. 103) on Petitioner's Motions for Attorney's Fees and Costs (ECF Nos. 89, 92). In his Report, Judge Goodman recommends that the Court grant in part and deny in part Petitioner's motions for attorney's fees and costs and award Petitioner $13,650 in attorney's fees and $1,930.78 in taxable costs. ECF No. 103 at 19-20. Respondent has filed objections to the Report and Recommendations. ECF No. 104.

The Court has considered Respondent's objections and concludes Respondent has failed to meet his burden to establish that an order requiring him to pay Petitioner's attorney's fees and costs would be "clearly inappropriate." *See* 22 U.S.C. § 9007. While the Eleventh Circuit has noted there is no statutory definition of "clearly inappropriate," it has held the exception should be narrowly construed. *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018). Several circuits, including the Eleventh Circuit, have identified two situations in which it may be clearly inappropriate to award attorney's fees and costs: 1) where "a fee award would impose such a financial hardship that it would significantly impair the respondent's ability to care for the child" and 2) where "a respondent had a good faith belief that her actions in removing or retaining a child were legal or justified." *Id.*

Here, Respondent's objections rely solely on the argument that a fee award is clearly inappropriate because it would be a financial hardship. ECF No. 104. The Respondent's opposition to the motions for attorney's fees requests the Court conduct an evidentiary hearing to determine whether the fee award should be denied or reduced because "the [Respondent's] employment as a martial arts fighter can be intermittent especially with the Covid-19 crisis, and, where, in State Court, the [Petitioner] is seeking support for the minor child for which the Father will be responsible[.]" ECF No. 101 at 10. Even taking these assertions of Respondent's counsel as true, the Court would nonetheless deny Respondent's request. He has not proffered any evidence to indicate he would be unable to care for his child if this Court awards the Petitioner attorney's fees and costs in the amount of $15,580.78.

After reviewing the record and the relevant legal authorities, the Court finds Judge Goodman's Report clear, cogent, and compelling. Accordingly, the Court **AFFIRMS and ADOPTS** Judge Goodman's Report and Recommendation (ECF No. 103) and **GRANTS in part** Petitioner's Motions for Attorney's Fees and Costs (ECF Nos. 89, 92). The Court **AWARDS** Petitioner $13,650 in attorney's fees and $1,930.78 in taxable costs.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 29th day of December 2020.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*